IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YOSEMIT MARRERO, on behalf of himself and others similarly situated, : : : | |
| Plaintiff, : | Case No. |
| v. : : | CLASS ACTION COMPLAINT |
| RICHARD LUNDGREN INC d/b/a LUNDGREN HONDA OF AUBURN and REACHLOCAL, INC. d/b/a LOCALIQ : : : : | |
| Defendants. _____/ | |

## CLASS ACTION COMPLAINT

**Preliminary Statement**

1. Plaintiff Yosemit Marrero ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. Richard Lundgren Inc ("Lundgren Honda" or "Defendant") is an automobile dealership. At all relevant times, Lundgren Honda acted through its marketing vendor and co-Defendant LocaliQ, an AI-powered digital marketing solutions provider, to send unsolicited marketing text messages to residential telephone numbers, including Plaintiff's, despite Plaintiff's telephone number being registered on the National Do Not Call Registry, thereby violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3. The Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of

thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

4. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5. Plaintiff Yosemit Marrero is a Massachusetts resident.

6. Defendant Richard Lundgren Inc is a Massachusetts corporation.

7. Defendant LocaliQ is a Delaware corporation.

## Jurisdiction & Venue

8. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the telemarketing calls to the Plaintiff was placed into this District.

## The Telephone Consumer Protection Act

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

11. The TCPA specifically required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

12. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific 'do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

13. Pursuant to this statutory mandate, the FCC established a national "do not call" database. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014* ("DNC Order").

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

17. Defendant LocaliQ sends marketing text messages and multimedia messages to consumers' cellular telephones on behalf of its automotive dealership clients, including Defendant Lundgren Honda of Auburn.

18. Defendant Lundgren Honda of Auburn, a motor vehicle dealership operating in Massachusetts, hired Defendant LocaliQ to design, manage, and transmit promotional marketing campaigns via SMS and MMS text messaging to prospective customers.

19. As part of this arrangement, Lundgren Honda of Auburn authorized marketing on its behalf, and LocaliQ then transmitted marketing text messages and image-based advertisements promoting Lundgren Honda of Auburn's inventory, financing offers, and sales events.

20. They did so with Lundgren Honda of Auburn's consent.

21. Plaintiff Yosemit Marrero's telephone number, (XXX) 615-XXXX, is a non-commercial, residential telephone number, and has been registered to the Do Not Call Registry since August 2, 2014.

22. Plaintiff acquired that telephone number prior to the calls and texts complained of herein.

23. Plaintiff has never been a customer of either Defendant, has never purchased or leased a vehicle from either Defendant, never provided his telephone number to either Defendant, and never consented to receive marketing text messages from either Defendant.

24. Despite that lack of consent, between approximately July 2025 and November 2025, Plaintiff received multiple unsolicited marketing text messages from telephone number +1 (508) 690-4127, advertising Lundgren Honda of Auburn.

25. The text messages, which contained Lundgren Honda sales and promotional content, are attached below:





26.     By transmitting these messages from a dedicated campaign number, embedding tracking links, and including standardized opt-out language, Defendant LocaliQ directly placed, the text messages at issue.

27.     Indeed, the telephone number +1 (508) 690-4127 was used repeatedly to transmit marketing messages solely promoting Lundgren Honda of Auburn, and not any unrelated business, further demonstrating that the messages were sent as part of a coordinated marketing campaign.

28.     Defendant Lundgren Honda of Auburn is vicariously liable for LocaliQ's conduct because LocaliQ acted as Lundgren Honda of Auburn's agent in sending the text messages.

29.     LocaliQ expressly acted on behalf of Lundgren Honda of Auburn by transmitting messages that:

   a.   Identified Lundgren Honda of Auburn by name,

    b. Promoted Lundgren Honda of Auburn's vehicles and financing,

    c. Directed recipients to Lundgren Honda of Auburn's inventory,

    d. Sought to generate leads and sales exclusively for Lundgren Honda of Auburn.

30. Lundgren Honda of Auburn authorized, ratified, and benefitted from LocaliQ's conduct by accepting the leads, traffic, and promotional benefits generated by the text messages.

31. Lundgren Honda of Auburn possessed the right to control the substance, scope, timing, and objectives of the marketing campaign, including the offers promoted and the inventory advertised, satisfying the elements of an agency relationship.

32. The text messages sent to Plaintiff were unwanted, unsolicited, and non-consensual.

33. Plaintiff never requested the messages, never provided consent, and never had an established business relationship with Defendants that would authorize such communications.

34. Defendants' conduct invaded Plaintiff's privacy, disrupted the quiet enjoyment of his cellular telephone, and constituted an improper intrusion upon seclusion.

35. Plaintiff and other recipients were harmed because the messages were annoying, intrusive, and a nuisance, temporarily tying up their phones and diverting attention from legitimate uses.

36. Defendants' conduct was willful and knowing as Defendants sent marketing text messages without first obtaining Plaintiff's prior express written consent, as required by law.

**Class Action Statement**

37. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

38. The Class of persons Plaintiff proposes to represent is tentatively defined as:

**LocaliQ National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of LocaliQ (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

> **Lundgren Honda of Auburn National Do Not Call Registry Sub-Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls as part of the Lundgren Honda of Auburn campaign with LocaliQ (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

39. The Class as defined above are identifiable through phone records and phone number databases.

40. The potential members of the Class number is likely at least in the thousands based on the generic nature of the Defendant's telemarketing.

41. Individual joinder of these persons is impracticable.

42. The Plaintiff is a member of the Class.

43. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

> (a) whether Defendant LocaliQ systematically made multiple text messages to members of the National Do Not Call Registry Class;
>
> (b) whether Defendant LocaliQ sent text messages to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

      (c) Whether Defendant Lundgren Honda is directly or vicariously liable for such conduct;

      (d) whether Defendants' conduct constitutes a violation of the TCPA;

      (e) whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

44. Plaintiff's claims are typical of the claims of members of the Class.

45. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

46. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

47. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

48. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

49. The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple

9

violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

50. Defendant LocaliQ violated the TCPA by sending, or causing to be sent, automated marketing text messages and multimedia messages to the cellular telephones and other protected telephone numbers of Plaintiff and members of the class without their prior express written consent.

51. Defendant Lundgren Honda of Auburn is directly and/or vicariously liable for the unlawful text messages Defendant LocaliQ sent because LocaliQ acted as Lundgren Honda's agent, transmitted the messages on Lundgren Honda's behalf, and Lundgren Honda authorized and benefitted from LocaliQ's conduct.

52. The Defendant's violations were negligent, willful, or knowing.

53. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

54. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

    A.       Certification of the proposed Class;

    B.       Appointment of Plaintiff as a representative of the Class;

    C.       Appointment of the undersigned counsel as counsel for the Class;

    D.       A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

    E.       Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

    F.       An award to Plaintiff and the Class of damages, as allowed by law; and

    G.       Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: December 21, 2025

                                      PLAINTIFF,
                                      By his attorneys

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Alex M. Washkowitz
Jeremy Cohen
CW Law Group, P.C.

188 Oaks Road  
Framingham, MA 01701  
alex@cwlawgrouppc.com